JULIUS TAYLOR ET AL., PARTNERS, RESPONDENTS, v. HARRY GARBER, APPELLANT.

Argued May 23, 1928—Decided October 15, 1928.

For the appellant, *Isadore Sacks.*

For the respondents, *Thompson & Hanstein.*

The opinion of the court was delivered by

MINTURN, J. The suit was instituted by the plaintiffs to recover from the defendant $7,000 as a commission for obtaining a purchaser of property owned by the defendant in the township of Hammonton, in Atlantic county.

The contract between the parties provided that the defendant would pay to the plaintiffs, in consideration of their procuring a purchaser for the land, the sum of $7,000 as commission upon the final settlement.

The contract as an entirety reads as follows:

"April 15th, 1926. Messrs Taylor and Soloff: For and in consideration of your having procured a purchaser for all that certain land as more specifically outlined in an agreement of sale between Harry Garber et al. and Jacob Stern, we hereby agree to pay you the sum of $7,000 as and for your commission, fees, &c., said commission to be paid on or before the 14th day of June, 1926, when final settlement is made. In the event settlement is not made, due only to a defect in the title, then we agree to pay you the same amount of money received by us from the purchasers in said agreement.

(Signed), Frank T. Perone; Harry Garber. (Seal,)"

The sale of the property referred to in the agreement was not effectuated owing to a defective title, which upon a bill for specific performance in the Court of Chancery was so declared, which decree was thereafter affirmed by this court. A suit was thereafter instituted by the vendee in the Atlantic County Circuit Court to recover the deposit of $5000, and judgment was rendered in favor of the plaintiff for that amount, with interest. Thereafter this suit was instituted to recover $5,000 compensation under the terms of the agreement herein recited, upon the legal theory that the parties to the agreement had therein fixed the measure and standard of the dam-

ages payable in the event of failure to pass the title, by reason of a defect therein, and judgment upon that theory was directed by the learned Circuit Court in favor of the plaintiff for the sum of $5,000, with interest, from which judgment this appeal has been taken.

Two questions only are presented for consideration upon the appeal. The trial court allowed the introduction of the record of the Chancery suit for the purpose of proving the termination of this suit, as well as to show the *ratio decidendi* upon which it was based. That suit had been instituted by this defendant for the purpose of compelling the vendees in the contract to specifically perform, and the result of the same manifestly presented a basis for this suit to recover commissions. We think, therefore, that the record was material and was properly admitted.

It was also contended that since a judgment had been entered against this defendant by the vendee for the amount of the deposit, with interest, which he presumably would be obliged to pay, he should not be called upon in this action to duplicate the payment. We observe no force in that contention, since this suit is based upon defendant's written contract, which furnishes the measure and the standard of his liability in the following language:

"In the event settlement is not made, due only to a defect in the title, then we agree to pay you the same amount of money received by us from the purchasers in the said agreement."

No question was made as to the payment of $5,000 under the agreement of sale, and the only question which is presented is whether or not the defendant is bound by the condition of the agreement to which he subscribed. The language of the contract requires neither construction nor interpretation to evince that in the case of a failure of title the defendant was bound to pay to the plaintiffs compensation in an amount similar to that received by the vendor from the intending purchaser. The learned trial court so construed the agreement in directing judgment, and we think that construction was legally correct.

The judgment should therefore be affirmed.

150

For affirmance—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

For reversal—None.